CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PROBULK CARRIERS LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PROBULK CARRIERS LTD.,

                Plaintiff,

    v.

ISPAT INDUSTRIES LTD.,

                Defendant.
----------------------------------------------------------X

JUDGE KEENAN

07 CIV 9904

**VERIFIED COMPLAINT**

      Plaintiff PROBULK CARRIERS LTD., (hereinafter "PROBULK") by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, ISPAT INDUSTRIES LTD. (hereinafter "ISPAT"), alleges upon information and belief as follows:

JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff PROBULK was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law.

3. The plaintiff PROBULK is engaged in the chartering business whereby it charters ocean vessels from vessel Owners, and then sub-charters such vessels to others for the carriage of cargo in exchange for payments of hire or freight.

4. At all material times hereto, PROBULK was the disponent Owner of the ocean going bulk carrier vessel known as the M/V MEHMET ASKOY.

5. At all times material hereto, the defendant ISPAT was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country by virtue of foreign law with its principal place of business located at Nariman Point, Mumbai, 400 021, India.

6. The defendant ISPAT is a manufacturer, producer and distributor of iron and steel products.

## THE PLAINTIFF AND DEFENDANT WERE PARTIES TO A MARITIME CONTRACT

7. On October 5, 2007, plaintiff PROBULK, as disponent owner of the ocean-going vessel M/V MEHMET AKSOY, entered into a charter party contract with defendant ISPAT, as charterer, whereby defendant ISPAT hired the M/V MEHMET AKSOY to carry its cargo of iron ore pellets oxide to Mumbai, India in exchange for the payment of hire and other items as agreed in the charter party.

8. The main terms of the charter party, i.e. voyage, cargo and amount of hire, were set forth in a recap fixture for the charter of the vessel as evidenced by an exchange of emails between the parties on October 5, 2007 through chartering broker H. Vogemann GmbH.

9. The additional terms of the charter party were laid out in the original charter party for the M/V MEHMET AKSOY between the vessel's registered Owner and Korea Line Corp. dated May 7, 2007 and such additional terms were specifically referenced and incorporated as the additional terms for the charter between plaintiff PROBULK and defendant ISPAT.

10. Pursuant to Clause 39 of the additional terms of the charter party agreement between PROBULK and ISPAT, ISPAT was responsible to pay for any damages sustained by the M/V MEHMET ASKOY which were caused by ISPAT's stevedores during the loading or discharge of the vessel and, in cases where the vessel's seaworthiness or safety was affected, ISPAT was responsible to arrange for immediate repairs at its own expense and time until such repairs were completed.

11. Pursuant to Clause 84 of the additional terms of the charter party agreement between PROBULK and ISPAT, ISPAT had the right to have the M/V MEHMET ASKOY discharge ISPAT's cargo into barges that would be brought alongside the M/V MEHMET ASKOY, but ISPAT was contractually obligated to pay for any such costs, damages and liabilities resulting from such operation.

12. Pursuant to Clause 17 of the additional terms of the charter party agreement between PROBULK and ISPAT, the parties agreed that the merits of any dispute arising under the charter party will be arbitrated in London.

13.     The charter party agreement between plaintiff PROBULK and defendant ISPAT is a maritime contract.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

14.     The M/V MEHMET AKSOY was delivered to the charterer ISPAT for the carriage of ISPAT's cargo on October 8, 2007.

15.     The ISPAT cargo was loaded on the M/V MEHMET AKSOY, and the M/V MEHMET AKSOY safely carried ISPAT's cargo to the port of Mumbai, India for discharge.

16.     During the course of the discharge of the ISPAT cargo of iron ore pellets oxide at the Mumbai inner anchorage into lightering barges, one of the stevedoring lighter barges struck the M/V MEHMET AKSOY's starboard side causing considerable damage involving broken frames and opening a hole in the vessel's hull which affected the seaworthiness of the vessel.

17.     A duly qualified surveyor, who was appointed to inspect the damage, determined the damages resulting from the stevedore barge needed to be repaired before the M/V MEHMET AKSOY could leave the port of Mumbai.

18.     The Master of the M/V MEHMENT ASKOY notified the defendant ISPAT of the accident and resultant damages and requested that ISPAT arrange for the repairs at Ispat's time and expense until such repairs were completed.

19.     In breach of its obligations under the charter party agreement and maritime contract, i.e. Clauses 39 and 84, the defendant ISPAT failed to arrange for

4

repairs and did not immediately repair the M/V MEHMET ASKOY and, instead, attempted to redeliver the vessel on October 21, 2007.

20. Faced with ISPAT's failure to arrange for and immediately repair the vessel and by reason of the fact that the vessel was unsafe and unseaworthy, the vessel was repaired at Mumbai Port at a cost of $84,786.00.

21. In conjunction with the physical repairs to the vessel, additional costs and expenses were incurred for agent's charges, launch expenses for the surveyor, anchorage and pilotage fees and fees for the extension of port clearance and these charges amounted to $6,555.38.

22. PROBULK will incur other charges, presently estimated to be $5,000.00, for the class surveyor who inspected the vessel and approved the repairs and the defendant ISPAT is liable for such charges under the terms and conditions of the charter party.

23. During the time that the M/V MEHMET ASKOY was being repaired at Mumbai, India, the vessel remained on hire to the defendant ISPAT for approximately 7 days longer than expected and ISPAT is liable for additional hire payments which are presently estimated to be in the amount of $385,000.00 which ISPAT has not paid.

24. The M/V MEHMET AKSOY was redelivered from the service of the charterer, ISPAT, on October 28, 2007.

25. In addition to the hire payment referred to in paragraph 23, the defendant ISPAT has not paid other amounts that are due and owing under the charter party, including: a balance of hire, payments for fuel, charges for cleaning the holds of the MV MEHMET AKSOY of ISPAT's cargo and agent representations.

5

26    ISPAT is in breach of the charter party agreement by reason of its failure to pay the amounts referred to in paragraph 25 herein.

27.    Inclusive of the claim for the damage to the vessel, the charges for the class surveyor and the amounts referred to in paragraphs 23 and 25 herein, the amount that is due and owing from the charterer ISPAT to the plaintiff PROBULK is $611,003.32.

28.    The plaintiff PROBULK has performed all of its obligations under the charter party and, furthermore, it mitigated the damages with respect to the stevedore damages at Mumbai.

29.    Despite due demand for the damages caused by ISPAT's breach of the charter party and the other amounts due and owing under the charter party, the defendant ISPAT has not paid or settled the claim presented by plaintiff PROBULK.

30.    In accordance with the terms and condition of the charter party, the plaintiff PROBULK is initiating arbitration proceedings in London against ISPAT.

31.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration.

32.    As best as can now be estimated, the plaintiff PROBULK expects to recover the following amounts in London arbitration from defendant ISPAT:

    A.    Principal claim

        1.    Physical Damage:                 $ 84,786.00

        2.    Port & consequential expenses:    $  6,555.38

        3.    Class Survey Fee:                 $  5,000.00

|   |   |   |   |
|---|---|---|---|
|   | 4. | Additional Hire & extra charges: | $514,661.94 |
|   |   | Total Principal Claim: | $611,003.32 |
| B. |   | Estimated interest on Principal claim: 3 years at 7.5%, compounded quarterly | $152,577.50 |
| C. |   | Estimated attorneys' fees for arbitration: | $200,000.00 |
| D. |   | Estimated arbitration costs/expenses: | $ 60,000.00 |
|   |   | **Total CLAIM** | **$1,023,580.82** |

## PRAYER FOR RELIEF

33.    Notwithstanding the fact that the liability of the Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

34.    Plaintiff PROBULK believes that some of these assets, *to wit*: bank accounts; payments from customers of the defendant ISPAT; freight and/or hire payments being made by ISPAT to other vessel owners in U.S. dollars; freight and hire payments from other charterers or shippers of cargo to ISPAT; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

35.    As set forth in the accompanying affidavit of Owen F. Duffy, the Defendant cannot be found within this District within the meaning of Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

36. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, Plaintiff seeks the issuance of process of maritime attachment so that it may obtain *quasi in rem* jurisdiction over the property of the Defendant as security for its maritime claim against the Defendant and jurisdiction over the Defendant's property so that an eventual arbitration award and/or judgment can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendant be summoned to appear and answer this Verified Complaint;

B. That the Defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of an arbitration award by the London arbitration panel and, if necessary, the entry of

judgment on the arbitration award by this Court and/or any other Court having competent jurisdiction, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* US $1,023,580.82, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
November 8, 2007

By: 

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PROBULK CARRIERS LTD.

Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PROBULK CARRIERS LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PROBULK CARRIERS LTD.,

      Plaintiff,

   v.

ISPAT INDUSTRIES LTD.,

      Defendant.
-------------------------------------------------------------X

07 CV ____ (____)

**VERIFICATION**

STATE OF NEW YORK :
        : ss.
COUNTY OF NASSAU :

  BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

  1. That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, PROBULK CARRIERS LTD., herein;

  2. That he has read the foregoing complaint and knows the contents thereof;

  3. That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
November 8, 2007

                                CHALOS, O'CONNOR & DUFFY, LLP
                                Attorneys for Plaintiff,
                                PROBULK CARRIERS LTD.

By: _____
      Owen F. Duffy (OD-3144)
      366 Main Street
      Port Washington, New York 11050
      Tel: (516) 767-3600
      Fax: (516) 767-3605

Subscribed and sworn to before me this
November 8, 2007

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2