CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PROBULK CARRIERS LTD.
366 Main Street
Port Washington, New York 11050
Tel:   (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PROBULK CARRIERS LTD.,

                 Plaintiff,

      v.

ISPAT INDUSTRIES LTD.,

              Defendant.
------------------------------------------------------------X

07  CV  9904 (JFK)

**FIRST AMENDED**
**VERIFIED COMPLAINT**

Plaintiff PROBULK CARRIERS LTD., (hereinafter "PROBULK") by its

attorneys, Chalos, O'Connor & Duffy, as and for its First Amended Verified Complaint

against the Defendant, ISPAT INDUSTRIES LTD. (hereinafter "ISPAT"), alleges upon

information and belief as follows:

## JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and

maritime jurisdiction pursuant to 28 U.S.C. § 1333.

<u>THE PARTIES</u>

**A) PROBULK is an entity with a presence in the Southern District of New York**

2.      The Plaintiff PROBULK is engaged in business as a manager of ocean going vessels, and it charters such ocean going vessels to others for the carriage of cargo in exchange for payments of hire or freight.

3.      At all times material hereto, PROBULK was and still is a business entity registered in Liberia, but which did and still does maintain all of its offices and its principal place of business in the Southern District of New York at 444 Madison Avenue New York, New York, 10022, with a phone number in New York at (212) 980-1150 and a fax number also in New York at (212) 486-0123.  *See,* http://www.eastwindgroup.com/contact.htm.

4.      PROBULK has continuous and systematic business contacts in the Southern District of New York in that all of PROBULK's employees, managers, officers and directors are located in its only office which is at 444 Madison Avenue in the borough of Manhattan in the City and State of New York and PROBULK is run out of that office.  *See,* http://www.probulk.com/contact/.

5.      Furthermore, PROBULK is a New York-based subsidiary of Eastwind Maritime Inc. which is also located in New York at 444 Madison Avenue, New York, New York, 10022 with a phone number in New York at (212) 838-1113 and a fax number in New York at (212) 838-8439. http://probulk.com/about/; *and see,* http://www.eastwindgroup.com/contact.htm.

6.      Eastwind Maritime Inc. is the managing and/or general agent of PROBULK in New York.

**B) Defendant ISPAT is an Indian business entity without a presence in the Southern District of New York**

7.      At all times material hereto, defendant ISPAT was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country by virtue of foreign law with its Corporate Office in India at 7th Floor, Nirmal, Nariman Point, Mumbai 400 021.

8.      The defendant ISPAT is engaged in the business of transporting cargoes of steel by ocean vessel.

AS AND FOR A CAUSE OF ACTION
FOR BREACH OF MARITIME CONTRACT

9.      On October 5, 2007, plaintiff PROBULK, as disponent owner of the ocean-going vessel M/V MEHMET AKSOY, entered into a charter party contract with defendant ISPAT, as charterer, whereby defendant ISPAT hired the M/V MEHMET AKSOY to carry a cargo of iron ore pellets oxide from Muscat, Morocco to Mumbai, India.

10.      The charter party contract between plaintiff PROBULK and defendant ISPAT is a maritime contract.

11.      The main terms of the maritime contract were set forth in a recap fixture for the charter of the vessel as evidenced by an exchange of emails between the parties on October 5, 2007 through chartering broker H. Vogemann GmbH.

12.      The additional terms of the maritime contract were laid out in the original charter party for the M/V MEHMET AKSOY between Korea Line Corp. and plaintiff PROBULK dated July 6, 2007 and were specifically referenced in the recap fixture as the

3

additional terms of the charter party between plaintiff PROBULK and defendant ISPAT as the two charter parties were on a "back-to-back" basis.

13.    Under Clause 39 of the additional terms of the maritime contract any stevedore damage to the vessel M/V MEHMET AKSOY affecting the vessel's seaworthiness were to be paid by the charterer defendant ISPAT.

14.    On October 18, 2007, during the discharge of the cargo of iron ore pellets oxide in Mumbai India, a stevedoring barge "heavily touched" the M/V MEHMET AKSOY's starboard side causing considerable damage, opening a hole in the vessel's hull and affecting its seaworthiness.

15.    Charterer defendant ISPAT was made aware of the stevedore damage to the M/V MEHMET AKSOY by email the same day from the master of the vessel.

16.    Although under Clause 39 of the additional terms of the charter party, charterer defendant ISPAT must pay these damages as they are stevedore damages that affect the vessel's seaworthiness, it has failed to pay for the damages.

17.    Because defendant ISPAT has failed to pay amounts due and owing under the charter party between plaintiff PROBULK and defendant ISPAT, it is in breach of the charter party maritime contract.

18.    Based on the amount that was paid to fix the damages to the M/V MEHMET AKSOY, defendant ISPAT has failed to pay US$91,341.38 that is now due and owing under the terms of the charter party maritime contract.

19.    Additionally, plaintiff PROBULK had to pay US$18,000.00 additional port charges due to the stevedore damage to the M/V MEHMET AKSOY and that

amount is therefore now due and owing from defendant ISPAT to plaintiff PROBULK under the terms of the maritime contract charter party.

20. Additionally, plaintiff PROBULK is owed approximately another US$5,000.00 for a class survey fee that is required due to the stevedore damage to the M/V MEHMET AKSOY and that amount is therefore now due and owing from defendant ISPAT to plaintiff PROBULK under the terms of the maritime contract charter party.

21. The maritime contract charter party between the plaintiff PROBULK and defendant ISPAT, at clause 17, provides that any disputes arising out of the maritime contract shall be referred to arbitration in London.

22. The plaintiff PROBULK intends to demand arbitration from the defendant ISPAT in London.

23. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration.

24. As best as can now be estimated, the plaintiff PROBULK expects to recover the following amounts in London arbitration from defendant ISPAT:

|   |   |   |   |
|---|---|---|---|
| A. | Principal claim | | |
| | 1. | Damage: | $ 91,341.38 |
| | 2. | Port Charges: | $ 18,000.00 |
| | 3. | Class Survey Fee: | $ 5,000.00 |
| | | Total Principal Claim: | $114,341.38 |
| B. | Estimated interest on claims: 3 years at 8%, compounded quarterly | | $ 30,671.53 |
| C. | Estimated attorneys' fees: | | $100,000.00 |

5

|     |                                      |              |
| --- | ------------------------------------ | ------------ |
| D.  | Estimated arbitration costs/expenses: | $ 60,000.00  |
| **Total** |                                | **$305,012.91** |

### PRAYER FOR RELIEF

25.     Notwithstanding the fact that the liability of the Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

26.     Plaintiff PROBULK believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

27.     As set forth in the accompanying affidavit of Owen F. Duffy, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

28.     Because this First Amended Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant, in the event that the Defendant challenge the jurisdiction of the London arbitrators, so that an eventual judgment and/or award can be satisfied.

29.     In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable in arbitration pursuant to the London Maritime Arbitration Association's rules.

WHEREFORE, Plaintiff prays as follows:

A.     That the Defendant be summoned to appear and answer this First Amended Verified Complaint;

B.     That the Defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.     That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* US $305,012.91, and that a judgment of condemnation and sale be entered against the

property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be

paid out of the proceeds thereof; and

      D.     That Plaintiff has such other and further relief as the Court may determine

to be just and proper under the circumstances.

Dated: Port Washington, New York
       January 31, 2008

                                 CHALOS, O'CONNOR & DUFFY, LLP
                                 Attorneys for Plaintiff,
                                 PROBULK CARRIERS LTD.

By:       _____
                  Owen F. Duffy (OD-3144)
                  George E. Murray (GM-4172)
                  366 Main Street
                  Port Washington, New York 11050
                  Tel:  (516) 767-3600
                  Fax:  (516) 767-3605
                  ofd@codus-law.com

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PROBULK CARRIERS LTD.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PROBULK CARRIERS LTD.,

                Plaintiff,

           07  CV  9904 (JFK)

     v.

           **VERIFICATION**

ISPAT INDUSTRIES LTD.,

                Defendant.
------------------------------------------------------------------X
STATE OF NEW YORK    :
                        : ss.
COUNTY OF NASSAU    :

      BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

      1.      That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, PROBULK CARRIERS LTD., herein;

      2.      That he has read the foregoing complaint and knows the contents thereof;

      3.      That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4.    That the reason that this verification was made by deponent and not by the

Plaintiff is because Plaintiff's officers' verification could not be obtained within the time

constraints presented by the circumstances of this case.

Dated: Port Washington, New York
      January 31, 2008

                              CHALOS, O'CONNOR & DUFFY, LLP
                              Attorneys for Plaintiff,
                              PROBULK CARRIERS LTD.

By:

                              Owen F. Duffy (OD-3144)
                              366 Main Street
                              Port Washington, New York 11050
                              Tel:  (516) 767-3600
                              Fax:  (516) 767-3605

Subscribed and sworn to before me this
January 31, 2008

Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2